Betty-Louise FELTON, Charlotte Green, Barbara Hruska, Meryl A. Schwartz, Robert H. Side and Allen H. Zelon, Plaintiffs-Appellants,

v.

SECRETARY, UNITED STATES DE-PARTMENT OF EDUCATION, and the Chancellor of the Board of Education of the City of New York, Defendants-Appellees,

and

Yolanda Aguilar, Lillian Colon, Miriam Martinez and Belinda Williams, Intervenors-Defendants-Appellees.

Nos. 909, 924, Dockets 85–6399, 6413.

United States Court of Appeals, Second Circuit.

Argued March 3, 1986.

Decided March 26, 1986.

Stanley Geller, New York City (Barbara L. Migdal, of counsel), for plaintiffs-appellants.

Frederick P. Schaffer, Atty., Office of Corp. Counsel of City of New York, New York City (Frederick A.O. Schwarz, Jr., Corp. Counsel of City of New York, Marilyn Richter, of counsel), for defendant-appellee Chancellor of the Bd. of Educ. of City of New York.

Michael Jay Singer, Atty., Appellate Staff, Civ. Div., Dept. of Justice, Washington, D.C. (Howard S. Scher, Atty., Dept. of Justice, Raymond J. Dearie, U.S. Atty. for E.D.N.Y., Richard K. Willard, Asst.

Atty. Gen., of Counsel), for defendant-appellee Secretary, U.S. Dept. of Educ.

Charles H. Wilson, Williams & Connolly, Washington, D.C. (George Ellard, of counsel; Joseph C. Markowitz, New York City, Parker, Auspitz, Neesemann & Delehanty, of counsel), for intervenors-defendants-appellees.

Before FEINBERG, Chief Judge, TIMBERS and NEWMAN, Circuit Judges.

FEINBERG, Chief Judge:

Appellants, federal taxpayers, challenge an order of the United States District Court for the Eastern District of New York, Edward R. Neaher, J., which stayed for one year its judgment declaring unconstitutional New York City's Chapter 1 program.[1] They also appeal from Judge Neaher's refusal to clarify and resettle the judgment. For the reasons stated below, we affirm the order of the district court.

I.

This suit was filed in the district court in 1978. In a prior appeal, this court reversed the district court's decision granting summary judgment to the Secretary of Education, the Chancellor of the City Board of Education and intervenors representing parents of children receiving Chapter 1 services in religious schools. 739 F.2d 48 (2d Cir.1984) (Friendly, J.), aff'd sub nom. *Aguilar v. Felton*, —— U.S. ——, 105 S.Ct. 3232, 87 L.Ed.2d 290 (1985). The Supreme Court affirmed our determination that sending public school teachers into the City's sectarian schools to provide Chapter 1 instruction to children attending those schools violated the establishment clause. Familiarity with both decisions is assumed.

After the mandate of this court was entered in the district court, appellants moved shortly before the start of the 1985–86 school year to enjoin use of public school teachers in the City's sectarian schools, effective 30 days from the entry of the judgment. The Chancellor had already filed an "Initial Report" with the district court, setting forth various alternatives under consideration by the City and indicating that he required "at least until September 1986 to develop and implement an alternative plan." In September 1985, the district court held a hearing on this issue. After the hearing, appellants submitted an alternative proposal for a temporary stay with another hearing to be held after appellees submitted a progress report in 60 days.

While permanently enjoining use of Chapter 1 funds for public school teachers on religious school premises, Judge Neaher's order stayed the judgment

> until the start of the September 1986 school year, on condition that the Chancellor ..., commencing December 2, 1985, and each 60 days thereafter, submit a written report to the Court and to counsel for the plaintiffs describing in reasonable detail the progress being made to conform the City's Title 1 plan to the requirements of this judgment.

Appellants then moved for an order resettling and clarifying the judgment, which was later denied. They now appeal from the judgment entered after the remand and from denial of the motion to resettle.

II.

Appellants contend that the district court erred in granting a year-long stay, conditioned only on the filing of bi-monthly progress reports. They argue that, by allowing the admittedly unconstitutional plan to continue for another school year, Judge Neaher failed to place a sufficient burden of compliance on the City. Furthermore, appellants claim that the City has not been acting in good faith. In particular, they criticize the City's failure to develop alternatives after the current plan was held unconstitutional by this court in 1984 and

---

1. Chapter 1 of the Education Consolidation and Improvement Act of 1981, 20 U.S.C. § 3801 et seq., supersedes Title I of the Elementary and Secondary Education Act of 1965, 20 U.S.C. § 2701 et seq., in effect when this suit was filed in 1978. Chapter 1 includes provisions virtually identical to those relating to participation of nonpublic school students which appeared in Title I. For the sake of clarity, we refer to Chapter 1 throughout this opinion.

the City's consideration of a plan that would use vans parked near the religious schools, which, they argue, would also be unconstitutional. Appellants also claim that the nature of the City's reporting obligation under the district court's order requires clarification. In any event, they maintain that the City's December 2, 1985 report demonstrates that the district court's stay should be ended and a plan using public school premises to deliver Chapter 1 instruction immediately implemented. Finally, they claim that the district court should be directed to enter judgment granting summary judgment in their favor, as required by this court, and striking the words "on entanglement grounds" from the order the judge did issue. Use of this phrase, appellants argue, ignores the fact that the program was held to violate the Constitution on both entanglement and effects grounds.

Appellees argue that, in view of the logistical and administrative problems associated with developing a plan for such a large school system, a one-year stay was well within the district court's discretion. They stress the lack of harm which would result from continuation of the program for another year, citing the comment from this court's prior opinion that the program "apparently has done so much good and little, if any, detectable harm." 739 F.2d at 72. See also 105 S.Ct. at 3239 (Powell, J., concurring). Furthermore, they contend that this court, in that opinion, contemplated such a stay. Appellees also argue that modification of the stay, including its immediate termination, must be sought from the district court in the first instance, and, since that has not been done, the issue cannot be considered on this appeal. Similarly, they stress that the constitutionality of any particular remedial alternative is not before us at this time. Finally, appellees claim that failure to enter summary judgment for plaintiffs was harmless and reference to "entanglement grounds" as the basis for the decision is a correct reading of the Supreme Court's decision or, at most, harmless error.

In reviewing the orders of the district court in this case, we are constrained by a very limited standard of review. The district court has broad discretion to fashion an equitable remedy that meets the practical demands of the situation, as well as the requirements of the Constitution. See, e.g., *Lemon v. Kurtzman,* 411 U.S. 192, 200–01, 93 S.Ct. 1463, 1469–70, 36 L.Ed.2d 151 (1973). The district judge's actions can be set aside only if they constitute an abuse of discretion. See id. at 200, 93 S.Ct. at 1469. In addition, as appellees note, we previously directed that "[t]he district court should afford *sufficient time* for the City to propose and the Secretary to approve an alternative plan." 739 F.2d at 72 (emphasis added).

Appellants are understandably frustrated by the district court's refusal to order immediate implementation of an alternative Chapter 1 program, after they have struggled for more than seven years to prove that the current plan is unconstitutional. As appellees stress, however, the City's Chapter 1 program affects over 21,000 non-public school children, making it by far the largest in the country. Chapter 1 funding is also subject to complicated requirements of proportional expenditure for public and non-public school students. See 20 U.S.C. § 3806(a); 34 C.F.R. § 200.71. On the record before us, we believe that the City's claims of administrative and logistical problems in formulating and implementing an alternative plan provided a sufficient basis for the stay adopted by the district court. Accordingly, we cannot say that the district judge abused his discretion by granting a stay until the start of the 1986 school year, conditioned on the filing of bi-monthly reports. However, we reach this conclusion based on our understanding that the practice appellants have complained about for the past seven years, ultimately successfully, will stop by the beginning of the 1986 school year.

In this connection, we rely on the City's representation at oral argument that its alternative plan would, in fact, be implemented at the start of the 1986 school year. We note that Judge Neaher declined to

adopt the City's proposed judgment in its entirety, since it requested an extension of the stay "until such later time as the Court finds appropriate" beyond the start of the September 1986 school year, "if subsequent developments so warrant." Use of a fixed deadline should indicate to the City the district court's commitment to remove all public school teachers offering Chapter 1 services from the premises of the City's sectarian schools after this school year and the judge's assumption that no further stays would be necessary after that point. Should appellants have evidence that this will not occur or that the City is otherwise acting in bad faith, they would, of course, be free to seek modification from the district court.

By requiring the City to file reports every 60 days and to terminate its current plan by September 1986, we presume the district court intended that the City would develop its alternative plan *before* the start of the 1986 school year. Indeed, the City also admitted at oral argument that, in order to implement a plan by that time, it would have to have its plan well before September 1986. Mindful of the potential for delay, as evidenced by the history of the desegregation cases cited pervasively by appellees, see, e.g., *Green v. County School Board of Kent County*, 391 U.S. 430, 88 S.Ct. 1689, 20 L.Ed.2d 716 (1968), we expect that a final plan will be disclosed in the City's report to be filed in June 1986. Disclosure of the plan at that point will provide appellants with sufficient opportunity to make objections and allow the parties to work out any differences over the summer, before the start of the school year in September.

Appellants claim that the district court should be required to enter summary judgment for them and strike the words "on entanglement grounds" from the judgment. As to the former, while the district court was directed by this court to enter summary judgment, and failed to do so explicitly, this error was harmless in light of the language of the judgment and the prior history of the case. We also decline to strike the words "on entanglement

grounds." Since the excessive entanglement of church and state was undeniably the only ground relied on by this court, see 739 F.2d at 71–72, and the principal constitutional infirmity cited by the Supreme Court in its opinion, see, e.g., 105 S.Ct. at 3237 ("the supervisory system established by the City of New York inevitably results in the excessive entanglement of church and state"); *id.* at 3244 (O'Connor, J., dissenting) (criticizing majority for its "perfunctory" discussion of effects of New York City program); but see *id.* at 3241 (Powell, J., concurring) (New York City program also invalid under "effects" prong of *Lemon* test), we do not believe this "editorializing" misstates the basis for the judgment. Furthermore, even if this statement were inaccurate, appellants have failed to show how they are harmed.

For the reasons stated above, the judgment of the district court is affirmed.